# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## PIKEVILLE

**THE COUNTY OF FLOYD,**

       **Plaintiff,**

      **v.**

**PURDUE PHARMA, LP, PURDUE
PHARMA, INC., THE PURDUE
FREDERICK COMPANY, INC., TEVA
PHARMACEUTICALS USA, INC.,
CEPHALON, INC., JOHNSON & JOHNSON,
JANSSEN PHARMACEUTICALS, INC.,
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.,
JANSSEN PHARMACEUTICA, INC., N/K/A
JANSSEN PHARMACEUTICALS, INC.,
ENDO PHARMACEUTICALS INC.,
ALLERGAN PLC F/K/A ACTAVIS, PLC.,
ACTAVIS, INC. F/K/A WATSON
PHARMACEUTICALS, INC., WATSON
LABORATORIES, INC., INSYS
THERAPEUTICS, INC., ACTAVIS, LLC,
ACTAVIS PHARMA, INC. F/K/A WATSON
PHARMA, INC., ENDO HEALTH
SOLUTIONS INC., MCKESSON
CORPORATION, CARDINAL HEALTH,
INC., AMERISOURCEBERGEN
CORPORATION, RUSSELL PORTENOY,
PERRY FINE, SCOTT FISHMAN, LYNN
WEBSTER, MAGNA
PHARMACEUTICALS, INC., XANODYNE
PHARMACEUTICALS, INC., and RICHIE
ENTERPRISES, LLC D/B/A RICHIE
PHARMACAL**

       **Defendants.**

Case No.: _____

Judge _____

Action Filed: November 2, 2017
Action Served: November 13, 2017

## DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
## ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *The County of Floyd v. Purdue Pharma L.P. et al.*, bearing civil action number 17-CI-00797, from the Circuit Court of Floyd County, Kentucky, to the United States District Court for the Eastern District of Kentucky.    Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## BACKGROUND

1.      On November 2, 2017, Plaintiff, the County of Floyd, filed a Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 1**) in the Circuit Court of Floyd County, Kentucky, against the following defendants:

a.      "Diverse Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. n/k/a Allergan Finance, LLC; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Insys Therapeutics, Inc.

b.      "Nominal Manufacturer Defendants" — Magna Pharmaceuticals Inc. ("Magna"); and Xanodyne Pharmaceuticals Inc. ("Xanodyne").

c.      "Physician Defendants" — Russell Portenoy; Perry Fine; Scott Fishman; and Lynn Webster.

d.      "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Corporation[1]; and Richie Enterprises LLC d/b/a Richie Pharmacal ("Richie").

2.      The Complaint contains allegations relating to conduct by the Diverse Manufacturer Defendants and Physician Defendants, on the one hand, and separate alleged conduct by the Distributor Defendants, on the other.   The Complaint also names three additional entities — the Nominal Manufacturer Defendants (Magna and Xanodyne) and one Distributor Defendant (Richie) — but does not allege that these entities engaged in any wrongful conduct.

3.      The thrust of the Complaint is that the Diverse Manufacturer Defendants and the Physician Defendants engaged in a campaign of misrepresentations about the risks of FDA-approved opioid medications.   (Compl. ¶¶ 1-53.)   Plaintiff alleges that, as part of this campaign, the Diverse Manufacturer Defendants paid physicians and others to promote the Diverse Manufacturer Defendants' opioid products.   (*Id.* ¶ 15.)   Plaintiff further alleges that the Physician Defendants participated in those promotional activities.   (*See, e.g.*, *id.* ¶¶ 106-109, 199-214, 414-424.)   According to Plaintiff, the Diverse Manufacturer Defendants and Physician Defendants' alleged conduct has caused Plaintiff to incur "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs."   (*Id.* ¶ 53.)   All of the Diverse Manufacturer Defendants and Physician Defendants are citizens of states other than Kentucky. The Nominal Manufacturer Defendants are Kentucky entities.

4.      Unlike the allegations against the Diverse Manufacturer Defendants and Physician Defendants, none of Plaintiff's allegations against the Distributor Defendants relates to

---

[1]  By consenting to this Notice of Removal, AmerisourceBergen Corporation and Cardinal Health do not concede that they are proper parties to this action, and they are not.

3

purported misrepresentations about opioid medications.   Instead, Plaintiff alleges that the Distributor Defendants "failed in their duty to take any action to prevent or reduce the distribution of [opioids]" or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to the proper authorities and governing bodies . . . ."  (*Id.* ¶¶ 726, 724; *see also id.* ¶¶ 726-729.)   The Complaint further alleges that the Distributor Defendants failed to "prevent the flow of prescription opioids . . . into Floyd County."  (*Id.* ¶ 737.)   One Distributor Defendant, Richie, is a Kentucky citizen.   The other Distributor Defendants are citizens of states other than Kentucky.

5.     The Complaint asserts seven causes of action against "all Defendants," although each claim relates almost entirely to conduct involving the Diverse Manufacturer Defendants and Physician Defendants only, on the one hand, or the Distributor Defendants only, on the other: (1) continuing public nuisance; (2) violations of the Kentucky false advertising statute, K.R.S. §§ 517.030, 446.070; (3) fraud; (4) unjust enrichment; (5) negligence per se; (6) negligent marketing; and (7) negligence.   (*Id.* ¶¶ 1-84, pp. 232-243.)[2]

6.     Endo received the Complaint through service on November 13, 2017.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo is attached hereto as **Exhibit 1**.   A copy of the state court docket and all documents filed in the state court action (other than the Complaint) and served on Endo is attached hereto as **Exhibit 2**.

7.     On December 5, 2017, the Judicial Panel on Multidistrict Litigation issued an order creating a Multidistrict Litigation ("MDL") that would include this case.   *See* Transfer

---

[2]  In pleading the causes of action, the Complaint restarts the paragraph numbering following paragraph 755.   For clarity, when referring to the paragraphs alleging the causes of action, Endo cites the paragraph number followed by the page number.

Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, ECF 328 (Dec. 5, 2017) (attached as **Exhibit 3**).

**VENUE AND JURISDICTION**

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 97, 1391, 1441(a), and 1446(a) because the Circuit Court of Floyd County, Kentucky, where the Complaint was filed, is a state court within the Eastern District of Kentucky.

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL PROPERLY JOINED DEFENDANTS

10.     There is complete diversity of citizenship here because Plaintiff is a Kentucky citizen and all of the Diverse Manufacturer Defendants and Physician Defendants are citizens of states other than Kentucky, *see* Part I.A *infra*, and the citizenship of the Distributor Defendants (one of which is non-diverse) and the Nominal Manufacturer Defendants should be ignored for purposes of diversity jurisdiction, *see* Part I.B–D *infra*.   This is because the three non-diverse entities (Magna, Xanodyne, and Richie) are fraudulently joined in this action and, separately, all of the Distributor Defendants and Nominal Manufacturer Defendants are subject to severance under Federal Rule of Civil Procedure 21 and the fraudulent misjoinder doctrine.[3]

---

[3]  Though only one Distributor Defendant (Richie) is non-diverse, the Court should sever all of the Distributor Defendants because of the common factual allegations underlying the claims against those defendants.

A. **Plaintiff Is Diverse from the Diverse Manufacturer and Physician Defendants**

    1. **Plaintiff Is a Citizen of Kentucky**

11.    The County of Floyd is a Kentucky citizen for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes." (citation omitted)); *Brown v. Marshall Cty.*, 394 F.2d 498, 500 (6th Cir. 1968) (holding county is a citizen of the State in which it is located).

    2. **None of the Diverse Manufacturer or Physician Defendants Is a Citizen of Kentucky**

12.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

13.    Applying these principles, none of the Diverse Manufacturer Defendants or the Physician Defendants is a citizen of Kentucky.

14.    Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (Compl. ¶ 74.)

15.    Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (*Id.*)

16.    Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are residents of Kentucky.  (*See id.* ¶ 58.)

17.    Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

18.     Defendant The Purdue Frederick Company Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.   (*Id.*)

19.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.   (*Id.* ¶ 62.)

20.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.   (*Id.* ¶ 63.)

21.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.   (*Id.* ¶ 70.)

22.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.*)

23.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.*)

24.     Defendant Janssen Pharmaceutica, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.   (*Id.*)

25.     Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.   (*Id.* ¶ 77.)

26.     Defendant Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is now known as Allergan Finance, LLC, a Nevada limited liability company.    Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey.   (*See id.*)

27.     Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.   (*See id.*)

28.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.   (*Id.*)   Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.   Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.   (*See id.*)

29.     Defendant Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., is a Delaware corporation with its principal place of business in Parsippany, New Jersey.   (*Id.*)

30.     Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona.   (*Id.* ¶ 79.)

31.     Defendant Dr. Russell Portenoy is a citizen of New York.   (*Id.* ¶ 106.)

32.     Defendant Dr. Perry Fine is a citizen of Utah.   (*Id.* ¶ 107.)

33.     Defendant Dr. Scott Fishman is a citizen of California.   (*Id.* ¶ 108.)

34.     Defendant Dr. Lynn Webster is a citizen of Utah.   (*Id.* ¶ 109.)

35.     Accordingly, all of the Diverse Manufacturer Defendants and Physician Defendants are citizens of a state or foreign state other than Kentucky.

**B.     The Citizenship of the Distributor Defendants and the Nominal Manufacturer Defendants Should Be Ignored**

**1.     The Non-Diverse Defendants Are Fraudulently Joined**

36.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendants are fraudulently joined.   *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[The] fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.").   A defendant is fraudulently joined where "there can be no recovery under the law of the state on the cause alleged," or no "reasonable basis for predicting that the state law might impose liability

on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citations and internal quotation marks omitted).

37.     "Ordinarily, the question of fraudulent joinder would require that the Court inspect each of [plaintiff's] theories of relief, determining under each count whether [plaintiff] state[s] a colorable cause of action under state law." *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 549 (E.D. Ky. 2001).   But where a plaintiff fails to set forth essential allegations against a non-diverse defendant, fraudulent joinder is apparent on the face of the complaint. *See id.*

38.     In *Salisbury*, plaintiffs brought a products liability action against the manufacturers and pharmacy distributors of OxyContin, alleging, *inter alia*, causes of action for negligence, conspiracy, fraud, unjust enrichment, public nuisance, and a violation of Kentucky's Consumer Protection Act.   *Id.* at 548.   Although the plaintiffs alleged certain wrongful conduct against all defendants, the complaint omitted a key averment: that the pharmacy defendants sold or supplied OxyContin to plaintiffs.   *Id.* at 549.   This "fatal flaw" in the complaint—the failure to plead an allegation essential to each claim—led this Court to find fraudulent joinder, because the "complaint state[d] no cause of action against [the] defendant pharmacies."   *Id.*

39.     The Complaint here suffers from a "fatal flaw" even more glaring than the defect in *Salisbury*.   Where the *Salisbury* plaintiffs omitted one key allegation, the Complaint in this action contains *no allegations of wrongdoing whatsoever* by Magna, Xanodyne, and Richie (the "Non-Diverse Defendants").   In the Complaint's 245 pages and 750-plus paragraphs, each of the Non-Diverse Defendants earns only a single, generic reference.   (Compl. ¶¶ 81-82, 83-84,

9

102-105.)    These boilerplate recitals describe citizenship and allege only that the Non-Diverse Defendants conduct business in Floyd County.    (*Id.*)

40.    These threadbare allegations, none of which identifies any alleged wrongdoing by the Non-Diverse Defendants, are wholly insufficient to state any cause of action set forth in the Complaint, and thus the Non-Diverse Defendants are fraudulently joined.    *See, e.g.*, *Cammack New Liberty, LLC v. Vizterra, LLC*, No. CIV.A. 3:09-15-DCR, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009) (finding fraudulent joinder where the complaint did "not allege wrongdoing on the part of" the non-diverse defendant); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant); *McGoey v. State Farm Ins. Co.*, No. 06-8954, 2007 WL 1166352, at *3 (E.D. La. Apr. 17, 2007) (finding fraudulent joinder where the complaint did "not allege any specific wrongdoing by" the non-diverse defendant); *City of Brownsville v. Sw. Bell Tel. Co.*, No. CIV. A. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "only two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing").

41.    Nor can Plaintiffs rely on the Complaint's undifferentiated, generalized allegations purporting to describe conduct of certain undefined "Defendants," as these allegations are not attributable to the Non-Diverse Defendants.    First, "generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined."    *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002), *aff'd and remanded sub nom. Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003).    Second, as in *Salisbury*, "[a]lthough [Plaintiff's] complaint commonly employs the

generic term 'defendants,' the context and nature of the individual allegations make clear that only the" diverse defendants are targeted.   166 F. Supp. 2d at 550.   For example, where the Complaint generally proclaims that "Defendants" concealed the "risk of addiction from long-term-opioid use," the paragraphs that follow describe alleged conduct of only the Diverse Manufacturer Defendants, making no mention of the Non-Diverse Defendants.   (Compl. ¶¶ 290-301.)   Plaintiff repeats that model—a generic allegation against "Defendants" substantiated by specific allegations against only diverse defendants—throughout the Complaint.[4]

42.   Because none of the allegations attributable to the Non-Diverse Defendants are sufficient to state any cause of action set forth in the Complaint, no recovery is possible under state law and the Non-Diverse Defendants are fraudulently joined.

### C.   The Distributor Defendants and the Nominal Manufacturer Defendants Should Be Severed Under Rule 21

43.   Beyond fraudulent joinder of the Non-Diverse Defendants, the citizenship of all the Distributor Defendants and the Nominal Manufacturer Defendants should be ignored because the claims against them are subject to severance under Rule 21.   Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.   Here, the Distributor Defendants and the Nominal Manufacturer Defendants should be severed on both

---

[4]  It comes as no surprise that the overwhelming majority of the Complaint's allegations have nothing to do with the Non-Diverse Defendants.   Counsel for Plaintiff have filed complaints similar to the one here in a number of jurisdictions.   Nearly all of these complaints are virtually identical, save for the substitution of certain non-diverse defendants, presumably joined for the purpose of destroying diversity.   The impermissible group allegations directed against the "Defendants" in this Complaint appear verbatim in all of Counsel's complaints.   Because none of the Non-Diverse Defendants were named in any of the prior suits, it is readily apparent that the bulk allegations of the Complaint do not describe conduct of the Non-Diverse Defendants.

grounds, each of which preserves diversity jurisdiction as to the Diverse Manufacturer

Defendants and the Physician Defendants.

44.     This Court's decision in *Mayfield v. London Women's Care, PLLC*, No. 15-19-

DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015) (attached hereto as **Exhibit 4**), is

particularly instructive.   There, Kentucky plaintiffs brought claims for negligence, fraud, and

products liability against the out-of-state manufacturers of pelvic mesh implants.   *Id.* at *1.

Plaintiffs also brought malpractice claims against a physician who performed the implant surgery

and a medical clinic, both Kentucky citizens.   *Id.*   Despite the presence of the non-diverse

healthcare provider defendants, the district court denied remand as to the manufacturers.   *Id.* at

*6.

45.     Following Sixth Circuit precedent, the *Mayfield* court explained that "it is

appropriate to drop a nondiverse and dispensable party from litigation in order to achieve

diversity."   *Id.* at *3 (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th

Cir. 1999)).   As the court explained, Rule 21 "permits a district court to retain diversity

jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is

not required under Federal Rule of Civil Procedure 19."   *Id.* (quoting *Safeco Ins. Co. v. City of

White House*, 36 F.3d 540, 545 (6th Cir. 1994)).   Applying these principles, the *Mayfield* court

concluded that the healthcare-provider defendants were dispensable parties subject to severance

and thus declined to remand the entire case.   *Id.* at *4-6.   The court reasoned that the

healthcare defendants were not necessary parties because the claims against them were "highly

distinct" from those against the manufacturer defendants, "based on completely different factual

allegations."   *Id.* at *4.   The physician "had nothing to do with the design, manufacture or sale

of a single pelvic mesh implant" and thus severing the healthcare defendants would adequately

allow them to "protect[] their interests in state court, and their absence will not expose [the manufacturer] to double or inconsistent obligations in federal court."   *Id.*   And, the court explained, because the healthcare defendants were not necessary parties, they also could not be indispensable parties, but in any event the plaintiffs' ability to "proceed[] against the [the healthcare defendants] in state court is an adequate legal remedy."   *Id.* at 5.

46.     Numerous other decisions have followed the same approach.   *See Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-73 (N.D. Ohio 2009) (severing claims against non-diverse healthcare providers because, in relevant part, the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]"); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004); *Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. 02-2435-CM, 2003 WL 21313957, at *5-6 (D. Kan. May 23, 2003).[5]

47.     Likewise, here, this Court should sever the Distributor Defendants and the Nominal Manufacturer Defendants under Rule 21 and deny remand as to the Diverse Manufacturer Defendants and the Physician Defendants, because the Distributor Defendants and the Nominal Manufacturer Defendants are unnecessary and dispensable parties under Rule 19.

---

[5]  *See also Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (severing non-diverse healthcare provider defendants and thus denying remand as to diverse manufacturer defendants); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009) (same); *Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *2, 4 (N.D. Ohio June 11, 2009) (denying motion to remand following severance of non-diverse defendants by Judicial Panel on Multidistrict Litigation).

Alleged joint tortfeasors like the Distributor Defendants and the Nominal Manufacturer Defendants are unnecessary parties as a matter of settled law.   *Mayfield*, 2015 WL 3440492, at *4 ("[T]he great weight of authority shows that joint tortfeasors are not necessary parties under Rule 19) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990)).

48.     Moreover, just like the claims against the manufacturer and the non-diverse healthcare provider defendants in *Mayfield*, Plaintiff's claims and factual allegations against the Distributor Defendants are sufficiently distinct from those against the Diverse Manufacturer Defendants and the Physician Defendants to merit severance.    The claims against the Diverse Manufacturer Defendants and the Physician Defendants involve alleged misrepresentations regarding the risks of opioid medications.    (Compl. ¶¶ 1-53.)    By contrast, Plaintiff's claims against the Distributor Defendants focus exclusively on allegations that the Distributor Defendants negligently distributed opioid medications.    (*Id.* ¶¶ 88-105, 710-755.)    Severance is particularly appropriate because "the claims 'involve different legal standards and different factual allegations.'"    *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (citing *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3 (N.D. Ohio July 8, 2009)).

49.     The claims against the Nominal Manufacturer Defendants also are sufficiently distinct from those against the Diverse Manufacturer Defendants and the Physician Defendants to merit severance.    Indeed, the Complaint includes *no allegations whatsoever* regarding conduct of the Nominal Manufacturer Defendants, such that even if the claims against these entities were viable (they are not), the claims are entirely distinct from the detailed allegations made against the Diverse Manufacturer Defendants and the Physician Defendants.

50.     Severance is also appropriate here because it will allow the diverse parties to benefit from the significant efficiencies to be gained from participation in coordinated pretrial proceedings taking place in an MDL in the United States District Court for the Northern District of Ohio.   (*See* **Exhibit 3**.)   *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *see also Baxter*, 614 F. Supp. 2d at 873. As one court explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer defendant] to considerable prejudice.   [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claims against [the manufacturer] in the MDL proceedings.   For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]."   *Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010) (internal citations omitted).

51.     Beyond Rule 19, the claims against the Distributor Defendants and the Nominal Manufacturer Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.   Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein*, 2003 WL 21313957, at *5 ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)." (citation omitted)).   Courts in this Circuit and other

15

circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.[6]  Because of the distinct factual underpinnings of the claims against the diverse and non-diverse defendants here, these claims cannot properly be joined together.

52.  That Plaintiff asserts its causes of action against "all Defendants" changes nothing.  Severance is appropriate because the *factual basis* for Plaintiff's claims against the Diverse Manufacturer Defendants and Physician Defendants (alleged misrepresentations) is separate and distinct from the factual basis giving rise to Plaintiff's claims against the Distributor Defendants (alleged failure to prevent or reduce the distribution of opioid products or to report suspicious orders) and the Nominal Manufacturer Defendants (no allegations of wrongdoing at all).  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in

---

[6]  *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6 (severing non-diverse defendant and denying remand as to diverse defendants; "[w]hile plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts"); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008) (severing misjoined non-diverse defendants and denying remand as to diverse defendants, holding that, even though the claims against the diverse and non-diverse defendants "seek to recover for all or part of the same underlying loss[,]" the claims were nevertheless misjoined because they were "wholly distinct"); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (severing misjoined claims under Rule 21 where plaintiff "allege[d] that many individuals have wronged it in the same way, but in separate transactions or occurrences"); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998) (severing misjoined claims where "the factual scenarios underlying each incident are different, the times are different, and the people involved are different" (footnote omitted)).

common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a).").   And, as in *Mayfield*, if Plaintiff truly wants to pursue claims against the Distributor Defendants or the Nominal Manufacturer Defendants, "proceeding against [them] in state court is an adequate legal remedy."   *Mayfield*, 2015 WL 3440492, at *5.

> **D.     The Distributor Defendants and the Nominal Manufacturer Defendants Are Fraudulently Misjoined**

53.     The citizenship of the Distributor Defendants and the Nominal Manufacturer Defendants alternatively should be ignored because the claims against them are fraudulently misjoined in this action.   "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining the unrelated claims of a plaintiff against non-diverse party defendants." *Baxter*, 614 F. Supp. 2d at 874 (citation omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).   As explained above, Plaintiff's claims against the Diverse Manufacturer Defendants and the Physician Defendants are separate and distinct from Plaintiff's claims against the Distributor Defendants, including Richie, and the Nominal Manufacturer Defendants.   There is no plausible basis for their inclusion in this lawsuit other than to defeat diversity.

54.     Indeed, in opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction.   *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, No. 1:17-00946, 2017 WL 2843614, at *5 (S.D. W. Va. July 3, 2017) (attached hereto as **Exhibit 5**); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017) (attached hereto as **Exhibit 6**).   In *McKesson*

*Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused."  2017 WL 2843614, at *1.  The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct."  *Id.* at *5.  In *AmerisourceBergen Drug Corporation*, the court reached the same conclusion for substantially similar reasons.  2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct").

55.      To be sure, the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine, but at least one other court within this district has applied the doctrine.  *Asher v. Minn. Mining & Mfg. Co.*, No. Civ.A. 04-CV-522, 2005 WL 1593941, at *7-8 (E.D. Ky. June 30, 2005) (adopting fraudulent misjoinder doctrine and articulating a standard that requires no "reasonable basis for finding that the Plaintiff's claims were properly joined"); *but see Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 599 (E.D. Ky. 2011) (declining to adopt the fraudulent misjoinder doctrine).

56.      Here, even if the Court finds that the Distributor Defendants and the Nominal Manufacturer Defendants are not dispensable parties subject to severance, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

57.      In sum, because Plaintiff is a Kentucky citizen, and because none of the properly joined defendants are Kentucky citizens, there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

## II.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

58.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).   "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 553.   In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages.  *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001).

59.  Here, Plaintiff asserts that it has suffered "millions of dollars" in losses "[a]s a direct and foreseeable consequence of [Manufacturer] Defendants' wrongful conduct." (Compl. ¶ 53.)   Plaintiff seeks "[c]ompensatory damages in an amount sufficient to . . . completely compensate Plaintiff for all damages" as well as treble damages and punitive damages.  (*Id.* Prayer for Relief ¶¶ ii–iv.)   It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.  ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.  This Notice of Removal Is Timely

60.  This Notice of Removal is timely filed.   Endo received the Complaint through service on November 13, 2017.   Because Endo filed the Notice of Removal on December 8, 2017, removal is timely.   *See* 28 U.S.C. § 1446(b)(1).

**B.     All Properly Joined And Served Defendants Consent to Removal**

61.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

62.     The following properly joined and served Defendants consent to removal, as indicated by their signing below:    Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; Dr. Russell Portenoy; Dr. Perry Fine; Dr. Scott Fishman; and Dr. Lynn Webster.    *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).

63.     The following properly joined Defendants have not been properly served, and thus its consent to removal is not required:    Allergan plc f/k/a Actavis plc.; Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. n/k/a Allergan Finance, LLC.[7] *See id.*    Nevertheless, they consent to removal.

64.     The following properly served Defendants have not been properly joined, and thus their consent to removal is not required:    AmerisourceBergen Corporation; Cardinal Health, Inc.; McKesson Corporation; and Xanodyne Pharmaceuticals Inc.    Nevertheless, they consent to removal.

---

[7]  Allergan plc and Allergan Finance, LLC expressly reserve all defenses related to personal jurisdiction and service of process.

65.     The following Defendants have not been properly joined and thus their consent is to removal is not required:    Magna Pharmaceuticals Inc.; and Richie Enterprises LLC d/b/a Richie Pharmacal.    *See id.*; *see also Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015), *cert. denied,* 136 S. Ct. 1454 (2016).

66.     By filing this Notice of Removal, neither Endo nor any other defendant waives any defense that may be available to them and reserve all such defenses.    If any question arises as to the propriety of the removal to this Court, Endo and the remaining properly joined defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Circuit Court of Floyd County, Kentucky, to the United States District Court for the Eastern District of Kentucky.

DATED:   December 8, 2017

/s/ Robert J. Benvenuti, III
Robert J. Benvenuti, III
Wesley R. Butler
Holly R. Iaccarino
BARNETT BENVENUTI & BUTLER PLLC
489 East Main Street, Suite 300
Lexington, KY 40507
(859) 226-0312
robert.benvenuti@bbb-law.com
wes.butler@bbb-law.com
holly.iaccarino@bbb-law.com

John D. Lombardo*
Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com
John.Lombardo@apks.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO

PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS:**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC.:

/s/ Lori E. Hammond
Lori E. Hammond
Charles M. Pritchett, Jr.
FROST BROWN TODD LLC
400 West Market Street, Suite 3200
Louisville, Kentucky 40202-3363
(502) 589-5400
lhammond@fbtlaw.com
cpritchett@fbtlaw.com

Sheila L. Birnbaum*
Mark S. Cheffo*
Hayden A. Coleman*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
markcheffo@quinnemanuel.com
haydencoleman@quinnemaneul.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700

*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON
LABORATORIES, INC., ACTAVIS LLC, and
ACTAVIS PHARMA, INC. F/K/A WATSON
PHARMA, INC.

/s/ Steven A. Reed
Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC., ORTHO-
MCNEIL-JANSSEN PHARMACEUTICALS,
INC. N/K/A JANSSEN PHARMACEUTICALS,
INC., and JANSSEN PHARMACEUTICA, INC.
N/K/A JANSSEN PHARMACEUTICALS, INC.
(Appearance by local counsel pending):

/s/ Charles C. Lifland*
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
ALLERGAN PLC (F/K/A ACTAVIS PLC) AND
ACTAVIS, INC. (N/K/A ALLERGAN
FINANCE, LLC F/K/A WATSON

PHARMACEUTICALS, INC.)
(Appearance by local counsel pending):

/s/ Donna Welch
Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
* denotes national counsel who will seek pro hac
vice admission


Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:

/s/ J. Matthew Donohue*
J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Facsimile: 503.241.8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
* denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendant
RUSSELL PORTENOY:

/s/ S. Amy Spencer
S. Amy Spencer*
SHAHEEN & GORDON, P.A.
107 Storrs Street/P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
saspencer@shaheengordon.com
*denotes national counsel who will seek pro hac
vice admission*



Consent to removal on behalf of Defendants
PERRY FINE, M.D., SCOTT FISHMAN, M.D.,
and LYNN WEBSTER, M.D.:

/s/ Chad Shultz
Chad Shultz, Georgia Bar No. 644440
Cecily J. McLeod, Georgia Bar No. 581858
GORDON & REES, LLP
3455 Peachtree Road, Suite 1500
Atlanta, Georgia 30326
(404) 869-9054
cshultz@grsm.com
cmcleod@grsm.com



Consent to removal on behalf of Defendant
MCKESSON CORPORATION:

/s/ Jeffrey K. Phillips
Jeffrey K. Phillips (Ky-# 92825)
STEPTOE & JOHNSON PLC
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
Telephone:   859.219.8210
Facsimile:   859.255.6903
jeff.phillips@steptoe-johnson.com

Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:

/s/ Steven B. Loy
Steven B. Loy
STOLL KEENON OGDEN PLLC
(859) 231-3978 Direct
300 West Vine Street, Suite 2100
Lexington, KY 40507


Consent to removal on behalf of Defendant
AMERISOURCEBERGEN CORPORATION:

/s/ Margaret Jane Brannon
Margaret Jane Brannon
JACKSON KELLY, PLLC
175 East Main Street, Suite 500
Lexington, KY   40507
(859) 255-9500
mjbrannon@jacksonkelly.com

Robert A. Nicholas*
Shannon E. McClure*
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch*
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com
*denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendant
XANODYNE PHARMACEUTICALS, INC.:

/s/ Jeffrey F. Peck
Jeffrey F. Peck (87805)
Paul J. Cosgrove (pro hac vice forthcoming)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Tel.: (513) 698-5000
Fax: (513) 698-5001
jpeck@ulmer.com
pcosgrove@ulmer.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

| | |
|---|---|
| Gary C. Johnson<br>Leslie M. Cronen<br>GARY C. JOHNSON, P.S.C.<br>110 Caroline Avenue<br>P.O. Box 110<br>Pikeville, KY   41502<br><br>Paul J. Napoli<br>Joseph L. Ciaccio<br>Salvatore C. Badala<br>Paul B. Maslo<br>NAPOLI SHKOLNIK PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY   10017<br><br>*Counsel for Plaintiff* | Lori E. Hammond<br>Charles M. Pritchett, Jr.<br>FROST BROWN TODD LLC<br>400 West Market Street, Suite 3200<br>Louisville, Kentucky 40202-3363<br><br>Sheila L. Birnbaum<br>Mark S. Cheffo<br>Hayden A. Coleman<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>Patrick J. Fitzgerald<br>R. Ryan Stoll<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>4 Times Square<br>New York, NY 10036<br><br>*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.* |
| Steven A. Reed<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br><br>*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, And Actavis Pharma, Inc. F/K/A Watson Pharma, Inc.* | Charles C. Lifland<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br><br>*Counsel for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-Mcneil-Janssen Pharmaceuticals, Inc. N/K/A Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. N/K/A Janssen Pharmaceuticals, Inc.* |
| Jeffrey K. Phillips<br>Steptoe & Johnson PLC<br>One Paragon Centre<br>2525 Harrodsburg Road, Suite 300<br>Lexington, KY 40504<br><br>*Counsel for Defendant McKesson Corporation* | J. Matthew Donohue<br>Joseph L. Franco<br>HOLLAND & KNIGHT LLP<br>2300 U.S. Bancorp Tower<br>111 S.W. Fifth Avenue<br>Portland, OR 97204<br><br>*Counsel for Defendant   INSYS Therapeutics, Inc.* |

| | |
|---|---|
| S. Amy Spencer<br>107 Storrs Street<br>P.O. Box 2703<br>Concord, NH 03302-2703<br><br>*Counsel for Defendant Russell Portenoy* | Chad Shultz<br>Cecily J. McLeod<br>GORDON & REES, LLP<br>3455 Peachtree Road, Suite 1500<br>Atlanta, Georgia 30326<br><br>*Counsel for Defendants Perry Fine, M.D., Scott Fishman,*<br>*M.D., and Lynn Webster, M.D* |
| Jeffrey F. Peck<br>Paul J. Cosgrove<br>ULMER & BERNE LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, Ohio 45202<br><br>*Counsel for Defendant Xanodyne Pharmaceuticals,*<br>*Inc.* | Steven B. Loy<br>STOLL KEENON OGDEN PLLC<br>300 West Vine Street, Suite 2100<br>Lexington, KY 40507<br><br>*Counsel for Defendant Cardinal Health, Inc.* |
| Margaret Jane Brannon<br>Jackson Kelly, PLLC<br>175 East Main Street, Suite 500<br>Lexington, KY  40507<br><br>Robert A. Nicholas<br>Shannon E. McClure<br>REED SMITH LLP<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br><br>Alvin L. Emch<br>JACKSON KELLY PLLC<br>500 Lee Street, East, Suite 1600<br>P.O. Box 553<br>Charleston, WV 25322<br><br>*Counsel for Defendant Amerisourcebergen*<br>*Corporation* | Donna Welch, P.C.<br>Martin L. Roth<br>Timothy Knapp<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br><br>Jennifer G. Levy, P.C.<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, NW<br>Washington, DC 20005<br><br>*Counsel for Defendants Allergan plc (F/K/A Actavis plc)*<br>*And Actavis, Inc. (N/K/A Allergan Finance, LL F/K/A*<br>*Watson Pharmaceuticals, Inc.)* |
| Bobby H. Richardson<br>RICHARDSON GARDNER & ALEXANDER<br>117 East Washington Street<br>Glasgow, Kentucky 42141<br><br>*Counsel for Defendant Richie Enterprises, L.L.C.,*<br>*d/b/a Richie Pharmacal* | Magna Pharmaceuticals, Inc.<br>Warren P. Lesser<br>10801 Electron Drive<br>Suite 100<br>Louisville, KY 40299 |

Dated:    December 8, 2017                    /s/ Robert J. Benvenuti, III
                                                      Robert J. Benvenuti, III
                                                      *Counsel for Defendants*